Tina Wolfson, CA Bar No. 174806
twolfson@ahdootwolfson.com
Robert Ahdoot, CA Bar No. 172098
rahdoot@ahdootwolfson.com
Theodore W. Maya, CA Bar No. 223242
tmaya@ahdootwolfson.com
Bradley K. King, CA Bar No. 274399
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310-474-9111; Fax: 310-474-8585

Wendy R. Stein, NY Bar No. WS8050
wendy@wsteiniplaw.com
**LAW OFFICE OF WENDY R. STEIN**
5 Penn Plaza, 23rd Floor
New York, New York 10001
Tel: (212) 244-4404; Fax: (212) 849-6901

*Counsel for Plaintiff and the Proposed Class*

CV 14 - 0233

SPATT, J.

BROWN, M. J.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA FRANK, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| THE NEIMAN MARCUS GROUP, LLC, a Delaware limited liability company; and DOES 1-50, | |
| Defendants | |

Plaintiff MELISSA FRANK ("Plaintiff") brings this class action against Defendants THE

NEIMAN MARCUS GROUP, LLC ("Neiman Marcus" or "Defendant"), a Delaware limited

liability company, and DOES 1-50 (collectively, "Defendants") on behalf of herself and all

others similarly situated to obtain damages, restitution and injunctive relief for the Class, as

defined, below, from Defendants.  Plaintiff makes the following allegations upon information

and belief, except as to her own actions, the investigation of her counsel, and the facts that are a

matter of public record:

**PARTIES**

1.      Plaintiff is an individual who resides in this Judicial District.  Plaintiff and her

husband have a joint debit card account with which they made purchases at a Neiman Marcus

retail location in the month of December, 2013.  Plaintiff subsequently was the victim of

fraudulent charges on her debit card.

2.      Defendant The Neiman Marcus Group, LLC is a Delaware limited liability

company headquartered in Dallas, Texas.  Defendant operates retail stores within this District,

including the Deer Park location at which Plaintiff's purchases were made.

**JURISDICTION AND VENUE**

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332(d), the class contains members of diverse citizenship from Defendant, and the amount in

controversy exceeds $5 million.

4.      The Court has personal jurisdiction over Defendant because Defendant is

authorized to, and conducts, substantial business in New York, generally, and this District,

specifically.  Defendant owns and operates retail locations within this District and throughout

New York State.

1
CLASS ACTION COMPLAINT

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1), because a substantial part of the events and omissions giving rise to this action occurred in this District as Defendant operates retail locations within this District and plaintiff resides and made purchases at Defendant's Store in this District.

## GENERAL ALLEGATIONS

6.      Neiman Marcus is an American luxury specialty department store.  Millions of Americans regularly shop at Neiman Marcus stores.

7.      Plaintiff and her husband have a joint debit card account with which they made purchases at a Neiman Marcus retail location between December 15, 2013, and January 1, 2014. Subsequently, Plaintiff experienced fraudulent charges on her debit card.

8.      The data breach affected an (as of yet) undisclosed number of credit and debit cards swiped in U.S. Neiman Marcus stores, including "Last Call" outlets, between December 15, 2013 and January 1, 2014.

9.       News of the data breach was first published by a blogger (Brian Krebs of <http://krebsonsecurity.com/>) on or about January 10, 2014, before Neiman Marcus made any attempt whatsoever to notify affected customers.

10.      As widely reported by multiple news services on January 10, 2014: "[A] forensics firm confirmed evidence the upscale retailer was a victim of a criminal cybersecurity intrusion and some customers' credit and debit cards were possibly compromised." <http://www.npr.org/templates/story/story.php?storyId=261675926> (last visited January 12, 2014).  Neiman Marcus announced that "customers' names, credit and debit card numbers, card expiration dates, debit-card PINs and the embedded code on the magnetic strip on the back of cards had been stolen." *Id.*

11.     Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

12.     As this news broke, Neiman Marcus finally released a statement concerning the data breach, but not one designed to notify affected customers directly.  Rather, Neiman Marcus posted a statement on its Twitter account (not on the shopping site regularly accessed by customers) on January 10, 2014, vaguely indicating: "The security of our customers' information is always a priority and we sincerely regret any inconvenience"; and "We are taking steps, where possible, to notify customers whose cards we know were used fraudulently after purchasing at our stores." <https://twitter.com/neimanmarcus> (last visited January 12, 2014).

13.     On January 12, 2014, Ginger Reeder, a spokeswoman for Neiman Marcus, indicated in a press email that "the retailer had been notified in mid-December by its credit card processor about potentially unauthorized payment activity following customer purchases at stores." <http://abcnews.go.com/US/wireStory/neiman-marcus-victim-cyber-security-attack-21498673> (last visited Jan. 12, 2014).  Ms. Reeder "wouldn't estimate how many customers may be affected but said the merchant is notifying customers whose cards it has now determined were used fraudulently." *Id.*

14.     On information and belief, Plaintiff's identifying and financial information was disclosed in the data breach.

### CONSEQUENCES OF DEFENDANTS' CONDUCT

15.     The ramifications of Defendants' failure to keep class members' data secure are severe.

16.     The information Defendants lost, including Plaintiff's identifying information and other financial information, is "as good as gold" to identity thieves, in the words of the Federal

Trade Commission ("FTC").  FTC, *About Identity Theft*, available at

<http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html> (visited

March 23, 2011).  Identity theft occurs when someone uses another's personal identifying

information, such as that person's name, address, credit card number, credit card expiration

dates, and other information, without permission, to commit fraud or other crimes.  *Id.*  The FTC

estimates that as many as 9 million Americans have their identities stolen each year.  *Id.*

17.     Identity thieves can use identifying data to open new financial accounts and incur

charges in another person's name, take out loans in another person's name, incur charges on

existing accounts, or clone ATM, debit, or credit cards.  *Id.*

18.     Identity thieves can use personal information such as that pertaining to the Class,

which Defendants failed to keep secure to perpetrate a variety of crimes that do not cause

financial loss, but nonetheless harm the victims.  For instance, identity thieves may commit

various types of government fraud such as: immigration fraud; obtaining a driver's license or

identification card in the victim's name but with another's picture; using the victim's information

to obtain government benefits; or filing a fraudulent tax return using the victim's information to

obtain a fraudulent refund.

19.     In addition, identity thieves may get medical services using the Plaintiffs' lost

information or commit any number of other frauds, such as obtaining a job, procuring housing,

or even giving false information to police during an arrest.

20.     Annual monetary losses from identity theft are in the billions of dollars.

According to a Presidential Report on identity theft produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open
> accounts or misuse existing accounts, . . . individual victims often suffer indirect financial
> costs, including the costs incurred in both civil litigation initiated by creditors and in
> overcoming the many obstacles they face in obtaining or retaining credit.  Victims of

non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.

In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity theft, for example, must correct fraudulent information in their credit reports and monitor their reports for future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

*The President's Identity Theft Task Force Report* at p.21 (Oct. 21, 2008), available at

<http://www.idtheft.gov/reports/StrategicPlan.pdf>.

21.     According to the U.S. Government Accountability Office ("GAO"), which

conducted a study regarding data breaches:

[L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO, *Report to Congressional Requesters*, at p.33 (June 2007), available at

<http://www.gao.gov/new.items/d07737.pdf>.

22.     Plaintiff and the Class she seeks to represent now face years of constant

surveillance of their financial and personal records, monitoring, and loss of rights.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff seeks relief in her individual capacity and seeks to represent a class

consisting of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2)

and/or (b)(3), Plaintiff seeks certification of a class initially defined as follows:

All persons who used credit or debit cards at Neiman Marcus stores in the United States and whose personal and/or financial information was breached during the period from on or about December 15, 2013 to January 1, 2014. Excluded from the Class are Defendants; officers, directors, and employees of Defendants; any entity in which Defendants have a controlling interest; the affiliates, legal representatives, attorneys,

heirs, and assigns of the Defendants.

24.     Numerosity.  Fed. R. Civ. P. 23(a)(1).  The members of the Class are so numerous that the joinder of all members is impractical.  While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, it is in the millions.

25.     Commonality.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members.  These common questions of law and fact include, without limitation:

        a.      Whether Defendants unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

        b.      Whether Neiman Marcus unreasonably delayed in notifying affected customers of the data breach;

        c.      Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

        d.      Whether Defendants' conduct was negligent;

        e.      Whether Defendants acted willfully and/or with oppression, fraud, or malice;

        f.      Whether Defendants' conduct constituted Intrusion;

        g.      Whether Defendants' conduct constituted Public Disclosure of Private Facts;

        h.       Whether Defendants' conduct constituted Misappropriation of Likeness and Identity;

        i.      Whether Defendants' conduct constituted Bailment;

j.      Whether Defendants' conduct constituted Conversion;

k.      Whether Defendants' conduct violated the New York General Business Law Section 349; and

l.      Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

26.    Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other class member, was misused and/or disclosed by Defendants.

27.    Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel are competent and experienced in litigating class actions.

28.    Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

29.    Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

30.    Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

## FIRST COUNT

### Negligence

**(On Behalf of Plaintiff And All Other Similarly Situated United States Consumers)**

31.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

32.     Plaintiff brings this claim individually and on behalf of the nationwide Class.

33.     Defendants came into possession of Plaintiff's Private Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

34.     Defendants had a duty to timely disclose that Plaintiff's Private Information within its possession might have been compromised.

35.     Defendants had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's Private Information.

36.     Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care in protecting and safeguarding Plaintiff' Private Information within Defendants' possession.

37.     Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's Private Information.

38.     Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to the Plaintiff and the Class members the fact that their Private Information within their possession might have been compromised.

39.     Defendants' negligent and wrongful breach of their duties owed to Plaintiff and

8
CLASS ACTION COMPLAINT

the Class proximately caused Plaintiff' and Class members' Private Information to be compromised.

40.     Plaintiff seeks the award of actual damages on behalf of the Class.

### SECOND COUNT

**Invasion of Privacy - Intrusion, Public Disclosure of Private Facts,**

**and Misappropriation of Likeness and Identity**

**(On Behalf of Plaintiff and All Other Similarly Situated United States Consumers)**

41.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

42.     Plaintiff brings this claim individually and on behalf of the nationwide Class.

43.     Plaintiff had a reasonable expectation of privacy in the Private Information Defendants mishandled.

44.     By failing to keep Plaintiff's Private Information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendants invaded Plaintiff's privacy by:

    a.     intruding into Plaintiff's private affairs in a manner that would be highly offensive to a reasonable person;

    b.     publicizing private facts about Plaintiff, which is highly offensive to a reasonable person;

    c.     using and appropriating Plaintiff's identity without Plaintiffs' consent;

45.     Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's position would consider Defendants' actions highly offensive.

46.     Defendants invaded Plaintiff's right to privacy and intruded into Plaintiff's private

9

CLASS ACTION COMPLAINT

affairs by misusing and/or disclosing Plaintiff's Private Information without her informed, voluntary, affirmative and clear consent.

47.      As a proximate result of such misuse and disclosures, Plaintiff's reasonable expectations of privacy in her Private Information was unduly frustrated and thwarted. Defendants' conduct amounted to a serious invasion of Plaintiff's protected privacy interests.

48.      In failing to protect Plaintiff's Private Information, and in misusing and/or disclosing Plaintiff's Private Information, Defendants have acted with malice and oppression and in conscious disregard of Plaintiff's and the Class members' rights to have such information kept confidential and private.  Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

## THIRD COUNT

### Bailment

### (On Behalf Of Plaintiff And All Other Similarly Situated United States Consumers)

49.      Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

50.      Plaintiff brings this claim individually and on behalf of the nationwide Class.

51.      Plaintiff and the Class members delivered and entrusted their Private Information to Defendants for the sole purpose of receiving services from Defendants.

52.      During the time of bailment, Defendants owed Plaintiff and the Class members a duty to safeguard this information properly and maintain reasonable security procedures and practices to protect such information.  Defendants breached this duty.

53.      As a result of these breaches of duty, Plaintiff and the Class members have suffered harm.

54.     Plaintiff seeks actual damages on behalf of the Class.

## FOURTH COUNT

### Conversion

### (On Behalf of Plaintiff And All Other Similarly Situated United States Consumers)

55.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

56.     Plaintiff brings this claim individually and on behalf of the nationwide Class.

57.     Plaintiff and Class members were the owners and possessors of their Private Information.  As the result of Defendants' wrongful conduct, Defendants have interfered with the Plaintiff's and Class Members' rights to possess and control such property, to which they had a superior right of possession and control at the time of conversion.

58.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class members suffered injury, damage, loss or harm and therefore seek compensatory damages.

59.     In converting Plaintiff's Private Information, Defendants have acted with malice, oppression and in conscious disregard of the Plaintiff' and Class members' rights.  Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

60.     Plaintiff and the Class members did not consent to Defendants' mishandling and loss of their Private Information.

## FIFTH COUNT

### Violation of New York General Business Law § 349

### (On Behalf of Plaintiff And All Other Similarly Situated New York State Consumers)

61.     Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

62.     Plaintiff brings this claim individually and on behalf of the New York Class. Plaintiff and New York Class members are consumers who reside in New York State or made purchases at a Neiman Marcus store located in New York State on or about December 15, 2013 to January 1, 2014.

63.     As fully alleged above, Defendants engaged in unfair and deceptive acts and practices in violation of Section 349 of the New York General Business Law.

64.     Reasonable consumers would be misled by Defendants' misrepresentations and/or omissions concerning the security of their personal information, because they assume retail companies that take credit and/or debit card information to pay for transactions will properly safeguard that Private Information in a manner consistent with industry standards and practices.

65.     Defendants did not inform customers that it failed to properly safeguard their Private Information, thus misleading Plaintiff and Class members in violation of Section 349. Such misrepresentation was material because Plaintiff and Class members entrusted Defendants with their Private Information when making purchases at Neiman Marcus retail stores with their credit and/or debit cards.  Had Plaintiff and Class members known of Defendants' failure to maintain adequate security measures to protect their Private Information, Plaintiff and Class members would not have made purchases at Neiman Marcus retail stores or provided Defendants with their Private Information.

66.     As a direct and proximate result of Defendants' violations, Plaintiff suffered injury in fact and lost money.

67.     Plaintiff seeks restitution and injunctive relief on behalf of the Class.

### JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Defendants, as follows:

A.      For an Order certifying this action as a class action and appointing Plaintiff and her Counsel to represent the Class;

B.      For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' Private Information, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class members;

C.      For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

D.      For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E.      For an award of punitive damages;

F.      For an award of costs of suit and attorneys' fees, as allowable by law; and

G.      Such other and further relief as this court may deem just and proper.


Dated:  January 13, 2014                    Respectfully submitted,

                                            *Wendy R. Stein*
                                            Wendy R. Stein
                                            **LAW OFFICE OF WENDY R. STEIN**
                                            5 Penn Plaza, 23rd Floor
                                            New York, New York 10001
                                            Tel: (212) 244-4404
                                            Fax: (212) 849-6901

13
CLASS ACTION COMPLAINT

Tina Wolfson
Robert Ahdoot
Theodore W. Maya
Bradley K. King
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff and the Proposed Class*